```
 1  NUGENT, WEINMAN, ABBENE,
    ALCOCK & WOLFE, APC
 2    K. Todd Curry (149360)
    1010 Second Ave., Suite 2200
 3  San Diego, CA 92101
    Telephone: (619) 236-1323
 4  Facsimile:  (619) 238-0465

 5  Attorneys for Debtor / Debtor In Possession,
    North Plaza, LLC
 6
```

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 04-00769-PB11 |
| NORTH PLAZA, LLC | Chapter 11 |
|     Debtor and Debtor In Possession. | ***SUPPLEMENTAL* DECLARATION OF ANGELA C. SABELLA IN SUPPORT OF MOTION FOR ORDER: (1) APPROVING SETTLEMENTS WITH SECURED CREDITORS; AND (2) AUTHORIZING PAYMENT OF SECURED CLAIMS** |
| | Date:  September 21, 2005<br>Time:  10:30 a.m.<br>Dept:  Four<br>Honorable Peter W. Bowie |

/ / /

/ / /

/ / /

/ / /

/ / /

# SUPPLEMENTAL DECLARATION OF ANGELA C. SABELLA

I, ANGELA C. SABELLA, declare as follows:

1. I am over 18 years of age and I am the president of Dynamic Finance Corporation ("Dynamic"). The facts stated herein are of my own personal knowledge or were made known to m by review of Dynamic's and my books and records which are maintained in the ordinary course of its business and reflect acts and transactions recorded at or near the time such acts and transactions occurred. This declaration is submitted as a supplement to the Declaration of Angela C. Sabella in Support of Motion for: (1) Approving Settlements with Secured Creditors; and (2) Authorizing Payment of Secured Claims ("Sabella Declaration"), dated August 22, 2005. If called upon as a witness, I could and would competently testify as to all matters set forth herein.

2. As a matter of clarification, at all times referenced in the Sabella Declaration and herein, I was the President of Dynamic and was involved in all of the transactions referenced in the Sabella Declaration and herein.

3. As to the Closing Statement issued by First American Title attached to the Sabella Declaration as Exhibit 5, which reflects disbursements made through escrow at loan closing to the various lienholders and others, although the document was prepared by First American Title, it was made at or near the time of the disbursements and was transmitted by First American Title to Dynamic which, in the course of its regularly conducted business activity, makes a regular practice of maintaining such reports, of which I am a custodian. Further, none of the prior lienholders on the North Plaza LLC real property, nor anyone else for that matter, have made any claim that they were not paid through the escrow described in the Closing Statement. Finally, as reflected in Exhibit 6 to the Sabella Declaration, Dynamic wired $2,782,462.56 to First American Title on July 28, 1998 and an additional $64,413.57 on July 29, 1998 so as to fund the disbursements made at loan closing.

4. As to Exhibit 6 to the Sabella Declaration, which is an accounting ledger setting forth all of Dynamic's loan disbursements to or for the benefit of the Debtor, said summary was prepared for the Debtor and the Court at Dynamic's direction and accurately reflects information drawn from Dynamic's books and records maintained by Dynamic in the ordinary course of its business

SEP-16-2005 04:03PM FROM- Case 04-00769-CL11 Filed 09/16/05 Entered 09/16/05 12:48:31 T-852 P.028/743 F-093 Doc 336 Pg. 3 of 4

Sep 15 2005 10:16PM The Aloan Group, Inc. 310-287-1893 p.3

reflecting acts and transactions recorded at or near the time such acts and transactions occurred. As stated in the Sabella Declaration, the underlying cancelled checks are available upon request.

5. Similarly, as to Exhibit 15 of the Sabella Declaration, which consists of an updated accounting for the Debtor and the court so as to set forth the sums owed through the dates pertinent to the settlement agreement and to reflect accrued interest following the conditional partial repayment of the loan on May 3, 2005, as approved by the Court. The contents of Exhibit 15 were derived from and accurately reflect the books and records of Dynamic which are maintained in the ordinary course of its business and reflect acts and transactions recorded at or near the time such acts and transactions occurred.

6. As to the Chambers Note, I received the collateral assignments of the Chambers Note and Deed of Trust in late May, 1999.

7. The accounting relating to the Chambers Note, attached to the Sabella Declaration as Exhibit 28 was prepared at my request for the present motion and for the Debtor. Since there were never any payments of interest or principal as to the Chambers Note, the accounting represents a simple calculation of interest at 10% per annum and various expenses I incurred in relation to that loan.

8. Neither Dynamic nor I have or claim to have any equity or other ownership interests in the Debtor or any of the Debtor's property. The only relationship between Dynamic and I and the Debtor are as creditors of the Debtor with respect to the three specific claims at issue in the settlement.

9. The only vested ownership interest I have in any entity in which Johnson or any entity controlled by Johnson also have an interest is a 25% membership interest in Vail Lake-Rancho California, LLC, which I acquired for a $300,000 capital contribution. Additionally, both Dynamic and I claim a collective 30% interest in Vail Lake Village & Resort, LLC and Vail Lake USA, LLC under option and memorandum of understanding agreements which are the subject of litigation in the Superior Court of the State of California, County of Riverside (Case No. RIC 419654), and are presently the subject of pending negotiations between the parties.

10. Neither Dynamic or I have had any involvement in the management or operations of

20298-005\DOCS_LA:144234.1         2         DECLARATION OF ANGELA C. SABELLA

SEP-16-2005 04:06 FROM:
Case 04-06769-CL11    Filed 09/16/05    Entered 09/16/05 12:48:31    Doc 336    Pg. 4 of 4
ID:13102671893    P:5/5

Sep 15 2005 10:16PM    The Alcon Group, Inc.    310-267-1893    P.4

the above Vail Lake entities/development projects. Dynamic and I also had no involvement in any actions of Vail Lake USA or William Johnson to move the Bree lien on Vail Lake USA to North Plaza other than to require that the Bree lien on Vail Lake USA be removed as a condition for my loan to Vail Lake USA and my subsequent authorization to have Dynamic's lien on the Debtor's entire property be put just on Parcel 14 which was always my agreement with the Debtor.

I declare under penalty of perjury pursuant to the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this _____ day of September, 2005.

ANGELA C. SABELLA

20298-005\DOCS_LA:144234.1    3    DECLARATION OF ANGELA C. SABELLA