JEFFER, MANGELS, BUTLER & MARMARO LLP
JOHN L. HOSACK, ESQ. (State Bar No. 42876)
THOMAS M. GEHER, ESQ. (State Bar No. 130588)
DAN P. SEDOR, P.C. (State Bar No. 139091)
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Secured Creditors JAMES BREE,
DORENE MAE BREE and SOUTH TEMECULA
GATEWAY, LLC

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re<br><br>NORTH PLAZA, LLC,<br><br>Debtor. | CASE NO. 04-00769-PB11 **BY FAX**<br><br>Chapter 11<br><br>**SECURED CREDITORS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO NORTH PLAZA, LLC's AMENDED MOTION FOR ORDER: (1) APPROVING SETTLEMENTS WITH SECURED CREDITORS; AND (2) AUTHORIZING PAYMENT OF SECURED CLAIMS**<br><br>Date: February 6, 2006<br>Time: 10:30 a.m.<br>Courtroom: Four<br>Judge: Honorable Peter W. Bowie |

FILED SD
06 JAN 20 PM 3:54
CLERK
U.S. BANKRUPTCY CT
SO. DIST. OF CALIF.

SECURED CREDITORS' MEMORANDUM OF
POINTS AND AUTHORITIES IN OPPOSITION TO
NORTH PLAZA, LLC's AMENDED MOTION FOR
ORDER: (1) APPROVING SETTLEMENTS WITH
SECURED CREDITORS; AND (2) AUTHORIZING
PAYMENT OF SECURED CLAIMS

3826117v1

| | |
|---|---|
| 1 | Secured Creditors James Bree, Dorene Mae Bree and South Temecula Gateway, LLC, a |
| 2 | California limited liability company ("Secured Creditors"), respectfully submit this Memorandum |
| 3 | of Points and Authorities in Support of their Opposition to the Debtor/Debtor in Possession, North |
| 4 | Plaza, LLC's ("Debtor") Amended Motion for An Order: (1) Approving Settlements with Secured |
| 5 | Creditors; and (2) Authorizing Payment of Secured Claims ("Amended Motion") |

## I.

## INTRODUCTION

On September 21, 2005, this Court conducted a hearing on Debtor's Motion for Order: (1) Approving Settlements with Secured Creditors; and (2) Authorizing Payment of Secured Claims ("Original Motion"). The Original Motion dealt with two claims of Dynamic Finance Corporation ("Dynamic"), one claim of Angela C. Sabella ("Sabella"), one claim of the Suprunuks and one claim of Clifford Douglas as Trustee of the Clifford Douglas Profit Sharing Plan ("Douglas") and Corporate Funding Financial of America, Inc. ("CFFAI").

The Debtor has now filed an Amended Motion which does not include the claims of the Suprunuks, Douglas/CFFAI or Dynamic's Claim No. 15. However, the Amended Motion is substantially the same as the Original Motion with respect to Dynamic's Claim No. 16 and Sabella's Claim No. 14. For the reasons set forth below, the rationale behind the Court's Order Setting Status Conference filed November 10, 2005 ("Order"), which required an evidentiary hearing is equally applicable to the Amended Motion as it was to the Original Motion. The Debtor should not be permitted to the Order's requirement for an evidentiary hearing, with respect to Claim Nos. 14 and 16, by merely "repackaging" those claims into the Amended Motion.

//
//
//
//
//

- 2 -

SECURED CREDITORS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO NORTH PLAZA, LLC's AMENDED MOTION FOR ORDER: (1) APPROVING SETTLEMENTS WITH SECURED CREDITORS; AND (2) AUTHORIZING PAYMENT OF SECURED CLAIMS

PRINTED ON RECYCLED PAPER
3826117v1

## II.

## THE RELATIONSHIPS BETWEEN THE PURPORTEDLY SECURED CREDITORS AND THE OTHER PERSONS PROPERTIES AND TRANSACTIONS INVOLVED IN CLAIM NOS. 14 AND 16 JUSTIFY AN EVIDENTIARY HEARING

Claim Nos. 14 and 16 are not loans which reflect arms-length transactions made between creditors (Dynamic/Sabella) and a debtor (North Plaza) where both the creditors and the debtor are motivated to vigorously protect their own interests. Rather, the interwoven relationships between Dynamic and Sabella, as purported creditors of the Debtor, and the Debtor, as a purported debtor of Dynamic and Sabella, are unduly compromised by other relationships and transactions. The Amended Motion requires an evidentiary hearing to determine the relevant issues, including but not limited to whether there are debts, the role (if any) of Mr. Isaac Lei with respect to the origination of loans held by Dynamic and Sabella, whether Sabella is a holder in due course, etc.

A key figure in this interwoven network of relationships and transactions is Mr. William P. Johnson ("Johnson") and his wholly owned corporation, Shining City, Inc. ("SCI"). The evidence will show that Johnson, at a minimum, currently hold the following positions:

A. President of SCI;

B. Sole shareholder of SCI;

C. Manager of the Debtor;

D. Controlling Member (through SCI) of the Debtor;

E. Manager of Vail Lake, USA, LLC ("VLU");

F. Controlling Member (through SCI) of VLU;

G. Manager of Vail Lake Village & Resort, LLC ("VLVR");

H. Controlling Member (through SCI) of VLVR;

I. Manager of Rancho California Country Club, LLC ("RCCC");

J. Controlling Member (through SCI) of RCCC;

K. Manager of Vail Lake Rancho California, LLC ("VLRC"); and

- 3 -

SECURED CREDITORS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO NORTH PLAZA, LLC's AMENDED MOTION FOR ORDER: (1) APPROVING SETTLEMENTS WITH SECURED CREDITORS; AND (2) AUTHORIZING PAYMENT OF SECURED CLAIMS

PRINTED ON
RECYCLED PAPER

3826117v1

L.  Principal member (through SCI) of VLRC.

Two other key figures are Dynamic and Sabella who similarly currently occupy a multiplicity of positions:

A.  Sabella is President of Dynamic;

B.  Sabella is Johnson's "... partner on the Vail Lake Development Projects ...." [Secured Creditor's Request for Judicial Notice ("RFJN"), Exh. 13 at 279:6-7];

C.  Dynamic, under the terms of a pledge agreement with SCI has "... the right to exercise all ... managerial ... rights ..." relative to SCI's 55% of the outstanding membership interest of the Debtor;

D.  Sabella is entitled to have assigned to her a 55% membership interest in VLVR [RFJN Exh. 1, at 94-97];

E.  Sabella is entitled to have assigned to her a 55% membership interest in VLU [RFJN Exh. 1, 94-97]; and

F.  Dynamic and Sabella have taken the position in one of their pending actions in Riverside Superior Court (the "Riverside Actions") that Sabella is William P. Johnson's "... partner on the Vail Lake Development Projects, not just the lender." [See, RFJN Exh. 13 at 279:6-7.]

The interwoven relationships among Sabella/Dynamic, on the one hand, and Johnson/SCI and the limited liability companies which Johnson controls through SCI (Debtor, VLVR, VLU, RCCC, and VLRC) create an inherent conflict of interest whereby Johnson, as manager of the Debtor, has no motivation to object to the claims of Sabella/Dynamic because, as the Court noted in its Order, the Debtor "... has no expectation of a residual interest in the estate ...." Rather, it is in Johnson's interest to curry favor with his "partner" Sabella for the purpose of the development on sale of the "Vail Lake Development Projects." The evidence will show that Johnson, Sabella and Dynamic have all been in negotiations with KB Homes for a sale of the Vail Lake Development Projects and the "Walker Basin" property owned by RCCC for a price in excess of $100,000,000 which is more than sufficient to repay all of the debts due to Sabella and Dynamic by Johnson and

- 4 -

SECURED CREDITORS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO NORTH PLAZA, LLC's AMENDED MOTION FOR ORDER: (1) APPROVING SETTLEMENTS WITH SECURED CREDITORS; AND (2) AUTHORIZING PAYMENT OF SECURED CLAIMS

PRINTED ON RECYCLED PAPER

3826117v1

the entities which he owns and manages. Accordingly, Johnson, as manager of the Debtor, is not motivated to scrutinize Claim Nos. 14 and 16 because Johnson is focused upon the development and/or sale to KB Homes of the Vail Lake Development Projects and the "Walker Basin" property and does not want to alienate his "partner" Sabella. Therefore, it is necessary for this Court to conduct an evidentiary hearing to provide the appropriate scrutiny with respect to Claim Nos. 14 and 16.

## III.
## CLAIM NO. 16 IMPLICATES OTHER PERSONS, PROPERTIES AND TRANSACTIONS.

The Debtor acknowledged in its Original Motion that one of the "issues" with respect to the Claim 16 loan is whether the purported Dynamic "loan" was arranged by a broker. In this regard, the Debtor relies nearly exclusively upon the Declarations of Isaac Lei. However, in one of the Riverside Actions, Johnson has stated under oath that "Lei is essentially an employee of Ms. Sabella or Dynamic." [RFJN Exh. 8 at 299:7-26.]

Much more is involved here than just simple loan transactions between the Debtor, on the one hand, and Dynamic and Sabella, on the other hand. With respect to Claim No. 16 loan, the October 4, 1999 Loan Amendment and Extension Agreement between Dynamic and the Debtor, brought Sabella into that transaction by providing that a portion of the Claim No. 16 loan proceeds were to be paid to Sabella in purported repayment of interest due to her in a separate loan transaction:

> "(i)A portion of the Loan proceeds totaling $120,000.00 to Angela C. Sabella (the "Other Lender") representing interest payable by Borrower under its promissory note dated March 3, 1999 in the original principal amount of $800,000.00. (emphasis added)"

The January 4, 2001, Loan Amendment and Extension Agreement between Dynamic and the Debtor similarly brought VLVR into the Claim No. 16 loan transaction by providing that a

- 5 -

SECURED CREDITORS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO NORTH PLAZA, LLC's AMENDED MOTION FOR ORDER: (1) APPROVING SETTLEMENTS WITH SECURED CREDITORS; AND (2) AUTHORIZING PAYMENT OF SECURED CLAIMS

portion of the Claim No. 16 loan proceeds would be loaned by Debtor to VLVR to enable VLVR to repay a loan from Sabella secured by VLVR's property:

> "(ii) A portion of the Loan proceeds in an amount equal to $735,000.00 to Vail Lake Village and Resort, LLC ("Resort LLC"), representing a loan of such amount from Borrower to Resort LLC, the proceeds of which shall be used for the sole and exclusive purpose of paying sums presently due and owing under the loan secured by the deed of trust in favor of ACS [Angela C. Sabella] encumbering Resort LLC's real property; and (emphasis added)"

The January 4, 2001, loan Amendment and Extension Agreement between Dynamic and the Debtor also brought RCCC into the Claim No. 16 loan transaction by providing that a portion of the Claim No. 16 loan proceeds would be loaned by Debtor to RCCC to enable RCCC to pay fees associated with entitlements for the development of RCCC's property:

> "(iii) A portion of the Loan proceeds in an amount equal to $42,000.00 to Rancho California Country Club, LLC ("Club LLC"), representing a loan of such amount from Borrower to Club LLC, the proceeds of which shall be used for the sole and exclusive purpose of paying fees to professionals assisting Club LLC in obtaining entitlements for the development of Club LLC's real property; and (emphasis added)"

It appears that the Debtor, at a minimum, may be entitled to equitable subrogation as to any deeds of trust on account of which the Debtor made payments and invoke the doctrine of marshalling in accordance with the Court's order. By way of example, this would mean that the Debtor would have a lien in the principal amount of $735,000 on the VLVR property, on account of the Claim No. 16 loan.

Finally, Dynamic apparently acknowledges that the July 7, 1998, Secured Promissory Note evidencing the Claim No. 16 loan was not executed by the Debtor. Instead, Mr. Chambers (then the Debtor's manager) executed a Secured Promissory Note for $4,100,000 and the signature page was thereafter attached to the Secured Promissory Note for $4,400,000. The unusual origins of the Secured Promissory Note for $4,400,000, by themselves, would justify an evidentiary hearing.

PRINTED ON
RECYCLED PAPER
3826117v1

- 6 -

SECURED CREDITORS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO NORTH PLAZA, LLC's AMENDED MOTION FOR ORDER: (1) APPROVING SETTLEMENTS WITH SECURED CREDITORS; AND (2) AUTHORIZING PAYMENT OF SECURED CLAIMS

# IV.

## CLAIM NO. 14 LOAN IMPLICATES OTHER PERSONS, PROPERTIES AND TRANSACTIONS.

In another Riverside Action, Johnson has denied that any money is owed to Robert R. Chambers ("Chambers") in connection with the loan which the comprises Sabella's Claim No. 14 in this proceeding and has alleged fourteen affirmative defenses, including that "[a] substantial portion of the damages claimed due by plaintiff [Chambers] in his complaint were discharged in a bankruptcy proceeding of defendant William P. Johnson pursuant to 11 U.S.C. Section 727." [RFJN Exh. 15 at 282:18-23.]

The evidence will show that the Note on the Claim No. 14 does not reflect money which Chambers loaned to the Debtor. Instead the Note reflects the amount of money Chambers paid to the debtor purchase a membership interest in the Debtor, and that there was no consideration paid to the Debtor for the Note. Chambers, as reflected in the Debtor's June 15, 1996, Operating Agreement, initially held a 15% membership interest in the Chambers Family Trust and an additional 20% interest in Chambers, LP., which he obtained for the payment of $739,064.07.

The declaration of Angela C. Sabella ("Sabella Declaration") in support of the original Motion, while largely inadmissible hearsay with respect to the "Chambers Note," raises numerous questions with regard to the connections between the Claim No. 14 and a number of other persons, properties and transactions. Ms. Sabella declares that BC Lake Villas, LLC, Mr. Johnson, Corporate Funding, Ted Goldberg, Sandra Goldberg, Aaron E. Goldberg, Leslie J. Goldberg, and Patricia J. Johnson were involved with the "Chambers Note."

Further, Ms. Sabella declares that "on October 3, 2002, BC Lake Villas, LLC absolutely assigned the Chambers Deed of Trust to me." However, that assignment was more *than three years after the Chambers Note had matured on June 12, 1999.* Despite the fact that the face of the Chambers Note provides for a maturity date of June 12, 1999, Ms. Sabella states that she "took the Chambers Note for value, in good faith, without notice that it was overdue (and it was not

- 7 -

SECURED CREDITORS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO NORTH PLAZA, LLC's AMENDED MOTION FOR ORDER: (1) APPROVING SETTLEMENTS WITH SECURED CREDITORS; AND (2) AUTHORIZING PAYMENT OF SECURED CLAIMS

overdue)." Ms. Sabella made no effort in her declaration, or in her April 12, 2005, supplemental declaration, to explain the discrepancy between the June 12, 1999, maturity date and her statement that the note was not overdue when it was allegedly assigned to her by BC Lake Villas on October 3, 2002. Therefore, it is obvious that Sabella is not a holder in due course and takes subject to all defenses.

## V.

## THE DEBTOR, THROUGH ITS MANAGER WILLIAM P. JOHNSON, HAS DENIED UNDER OATH IN THE SUPERIOR COURT LITIGATION THAT IT IS INDEBTED TO DYNAMIC AND SABELLA AND HAS ALLEGED THAT DYNAMIC AND SABELLA OWE MONEY TO THE DEBTOR

A.  **Introduction**

The Debtor seeks Court approval for purported "settlements" with Dynamic and Sabella. However, there are currently pending in the Superior Court of the State of California, County of Riverside, at least six separate actions which clearly demonstrate that the purported "settlements" with Dynamic and Sabella are not warranted by the law or the facts. [*See*, RFJN Exhibit Nos. 1, 4, 13, 14, 16 and 18.]

It is the position of Dynamic and Sabella in the said Superior Court litigation that Sabella is William P. Johnson's ". . . partner on the Vail Lake Development Projects, not just the lender." [*See*, RFJN Exhibit No. 13, p. 279, ls. 6-7.]

The Debtor also seeks this Court's approval of a purported "settlement" of Sabella's Claim No. 14 based upon a purported promissory note which she allegedly obtained from Chambers by a series of alleged assignments. However, the Debtor and Sabella failed to disclose to this Court that Chambers and Johnson, are currently engaged in litigation in the Superior Court of the State of California, with regard to the purported obligations owed to Chambers which are the subject of Sabella's Claim No. 14 [*See*, RFJN Exhibit Nos. 14 and 15]. According to the Debtor's Motion, the purported Chambers note was executed on January 28, 1998. However, in the Declaration of

- 8 -

SECURED CREDITORS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO NORTH PLAZA, LLC's AMENDED MOTION FOR ORDER: (1) APPROVING SETTLEMENTS WITH SECURED CREDITORS; AND (2) AUTHORIZING PAYMENT OF SECURED CLAIMS

PRINTED ON
RECYCLED PAPER

3826117v1

1  Robert R. Chambers in Support of Application for Right to Attach Order and Order for Issuance of

2  Right to Attach Order, Chambers states: "I have made no other commercial loans in the 12-month

3  period <u>surrounding</u> March 4, 1999." [Emphasis added.] [*See*, RFJN Exhibit No. 14, p. 375, ll 14-

4  15] The three promissory notes in favor of Chambers were all signed by Johnson and reference

5  North Plaza, LLC [*See*, RFJN Exhibit No. 14, pp. 373, 378 and 379].

6        In the Superior Court litigation Johnson has <u>denied</u> that any money is owed to Chambers and

7  has alleged fourteen affirmative defenses, including that "A substantial portion of the damages

8  claimed due by plaintiff [Chambers] in his complaint were discharged in a bankruptcy proceeding

9  of defendant William P. Johnson pursuant to 11 U.S.C. Section 727. [*See*, RFJN Exhibit No. 15, p.

10  282, ls. 18-23.]

11        The Debtor acknowledges that one of the "issues" with respect to Dynamic's Claim No. 16 is

12  whether the purported Dynamic "loan" was arranged by a broker. In this regard, the Debtor heavily

13  relies upon the Lei Declaration [*See*, Debtor's Memorandum of Points and Authorities, p. 8, ln. 27].

14  However, in the Superior Court litigation Johnson stated under oath that ". . . Lei is essentially an

15  employee of Ms. Sabella or DYNAMIC." [*See*, RFJN Exhibit No. 8, p. 299, para. 6, ls. 7-26.] In

16  the Declaration Of William P. Johnson In Opposition To Ex Parte Application By Plaintiff For

17  Appointment Of Receiver, TRO, And Order to Show Cause [*See*, RFJN Exhibit No. 8, pg. 299, ll.

18  7-26], Johnson described Lee's conduct as follows:

19      "6. <u>He has an office at DYNAMIC's place of business and can be reached by telephone there during business hours. I believe he works

20  on an exclusive basis for Angela Sabella and the business entities she owns or controls, including DYNAMIC. I believe Mr. Lei is

21  essentially an employee of Ms. Sabella or DYNAMIC. He is with her constantly and even travels with her</u>." (Emphasis added.)

22        If, as Johnson declares under oath in the Superior Court litigation, Lei is determined by this

23  Court to be ". . . essentially an employee of Ms. Sabella or DYNAMIC," then the Dynamic loan,

24  which is the subject of Claim No. 15, was <u>not</u> arranged by a broker and that Dynamic is not entitled

25  to charge interest (and extension fees and other charges) at a rate in excess of the rate otherwise

26  permitted under California law.

27

28

Assuming that Johnson's description of Lei is accurate, then Dynamic's loan which is the subject of Claim No. 16, was not arranged by a broker and Dynamic is not entitled to charge interest (and extension fees and other charges) at a rate in excess of the rate otherwise permitted under California law.

It should be apparent to this Court from the Superior Court litigation [*See*, RFJN Exhibits Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13] that the relationships among the Debtor, Johnson, Sabella and Dynamic is anything other than normal debtor-creditor relationships. Indeed, as Dynamic and Sabella have stated in the Superior Court litigation that Johnson had continuously and repeatedly assured "...Sabella that she was his partner ... not just the lender." [RFJN Exhibit No. 1, pg.14, lls. 6-7].

## VI.

## CONCLUSION

The Debtor proposes to settle with two "insiders" of the Debtor. The two "insiders" with whom the Debtor seeks this Court's approval of the purported "settlements" are the same persons who funded the Debtor's bankruptcy and who have ongoing business relationships with Johnson, Shining City, Inc. (the 55% member of the Debtor), and the Debtor's <u>alter egos</u> (i.e., Vail Lake USA, LLC, Vail Lake Village & Resort, LLC and Vail Lake Rancho California, LLC). The Debtor has alleged in the Superior Court litigation that it does not owe any money to the two "insiders" with whom it seeks this Court's approval of the purported "settlement" agreements. Indeed, the Superior Court litigation, the Debtor has taken the position (through its Manager William P. Johnson) that the "insiders" are not owed any money, but instead owe money to the Debtor and its <u>alter egos</u>.

///

///

///

- 10 -

SECURED CREDITORS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO NORTH PLAZA, LLC's AMENDED MOTION FOR ORDER: (1) APPROVING SETTLEMENTS WITH SECURED CREDITORS; AND (2) AUTHORIZING PAYMENT OF SECURED CLAIMS

The rationale behind the Order which required an evidentiary hearing with respect to the claims which were the subject of the Original Motion is equally applicable to the two claims which are subject of the Amended Motion and the Amended Motion should be continued to allow for appropriate discovery and an evidentiary hearing.

DATED: January 20, 2006

JEFFER, MANGELS, BUTLER & MARMARO LLP

By: *John Hosack (NE)*
JOHN L. HOSACK, ESQ.
Attorneys for Secured Creditors JAMES BREE, DORENE MAE BREE and SOUTH TEMECULA GATEWAY, LLC

- 11 -

SECURED CREDITORS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO NORTH PLAZA, LLC's AMENDED MOTION FOR ORDER: (1) APPROVING SETTLEMENTS WITH SECURED CREDITORS; AND (2) AUTHORIZING PAYMENT OF SECURED CLAIMS

# PROOF OF SERVICE

## STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES

I am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067.

On January 20, 2006, I served the document described as **SECURED CREDITORS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO NORTH PLAZA, LLC's AMENDED MOTION FOR ORDER: (1) APPROVING SETTLEMENTS WITH SECURED CREDITORS; AND (2) AUTHORIZING PAYMENT OF SECURED CLAIMS**; in this action as follows:

Please See Attached Service List

☒ (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. (See attached service list)

☐ (BY FAX) At or about __:__ _.m., I caused to be transmitted, pursuant to Rules 2001 et seq., the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (310) 203-0567 and was reported as complete and without error. (See attached service list)

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☐ (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on January 20, 2006, at Los Angeles, California.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

BILLIE TERRY

In re: **North Plaza, LLC**
United States Bankruptcy Court, Southern District of California, San Diego Division
Case No.: 04-00769-PB11

Tiffany Carroll, Esq.
Office of the United States Trustee
402 W. Broadway, Suite 600
San Diego, CA 92101

Edmund L. Regalia, Esq.
Heidi A. Timken, Esq.
Miller, Starr & Regalia, APC
1331 N. California Blvd., Fifth Floor
P.O. Box 8177
Walnut Creek, CA 94596

Milford W. Dahl, Jr., Esq.
Rutan & Tucker, LLP
611 Anton Blvd., 14th Floor
Costa Mesa, CA 92626

Gregson M. Perry, Esq.
Law Offices of Gregson M. Perry
12304 Santa Monica Blvd., #300 2FL
Los Angeles, CA 90025

Chief, Special Procedures Section – Insolvency
Internal Revenue Service
P.O. Box 30213
Laguna Niguel, CA 92607-0213

Neil B. Katz, Esq.
Robillard & Katz
2377 Crenshaw Blvd., Suite 310
Torrance, CA 90501

RBF Consulting
27555 Ynez Road, Suite 400
Temecula, CA 92591-4679

Gerald N. Sims, Esq.
Michael Y. MacKinnon, Esq.
Pyle Sims Duncan & Stevenson, APC
401 B Street, Suite 1500
San Diego, CA 92101

Scott A. Smylie, Esq.
Smylie & Van Dusen
550 W. "C" Street, Suite 1600
San Diego, CA 92101

K. Todd Curry, Esq.
Nugent Weinman Abbene Alcock & Wolfe APC
1010 Second Avenue, Suite 2200
San Diego, CA 92101

Edward G. Schloss, Esq.
11300 West Olympic Blvd.
Suite 620
Los Angeles, CA 90064

Richard M. Pachulski, Esq.
Stanley E. Goldich, Esq.
Pachulski, Stang, Ziehl, Young, Jones & Weintraub, P.C.
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067-4100

Paul McDonnell, Treasurer
Riverside County
4080 Lemon Street, 1st Floor
PO Box 12005
Riverside, CA 92502-2205

Butsko Utility Design, Inc.
17065 Via Del Campo, Suite 200
San Diego, CA 92127

Petra Geotechnical Inc.
3185-A Airway Avenue
Costa Mesa, CA 92626

Martha E. Romero, Esq.
Romero Law Firm
7743 South Painter Ave., Suite E
Whittier, CA 90602

Martha A. Mansell, Esq.
Law Offices of Martha A. Mansell
1522 So. Saltair Ave., Suite 302
Los Angeles, CA 90025

Frederick C. Phillips, Esq.
Terry D. Phillips, Esq.
Phillips, Haskett & Ingwalson, APC
701 B Street, Suite 1190
San Diego, CA 92101-3540

Steven R. Orr, Esq.
Peter M. Thorson, Esq.
Sonali S. Jandial, Esq.
Richards, Watson & Gershon, APC
355 South Grand Avenue, 40th Floor
Los Angeles, CA 90071-3101

Clifford Douglas
P.O. Box 2729
Rancho Santa Fe, CA 92067

Roger Alford, CPA
Hausmaninger Benoe Lang Alford & Geselowitz
19600 Fairchild, Suite 320
Irvine, CA 92612-2584

Burkett & Wong
3434 Fourth Avenue
San Diego, CA 92103

Shining City, Inc.
William P. Johnson, President
29400 Rancho California Rd.
Temecula, CA 92591

Laura S. Taylor, Esq.
Linda D. Fox, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
501 W. Broadway, 19th Floor
San Diego, CA 92101

Michael K. Kuhn, Esq.
Jackson Walker LLP
1401 McKinney, Suite 1900
Houston, TX 77010

381829v1