1   NUGENT, WEINMAN, ABBENE,
    ALCOCK & WOLFE, APC
2     K. Todd Curry (149360)
    1010 Second Ave., Suite 2200
3   San Diego, CA 92101
    Telephone: (619) 236-1323
4   Facsimile:   (619) 238-0465

5   Attorneys for Debtor / Debtor In Possession,
    North Plaza, LLC
6

7

8                   **UNITED STATES BANKRUPTCY COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  In re                                    )  Case No. 04-00769-PB11
                                             )
12  NORTH PLAZA, LLC                         )  Chapter 11
                                             )
13          Debtor and Debtor In Possession. )
                                             )  DEBTOR'S REPLY IN SUPPORT OF
14                                           )  AMENDED MOTION FOR ORDER: (1)
                                             )  APPROVING SETTLEMENTS WITH
15                                           )  SECURED CREDITORS; AND (2)
                                             )  AUTHORIZING PAYMENT OF
16                                           )  SECURED CLAIMS
                                             )
17                                           )
                                             )
18                                           )  Date:   February 6, 2006
                                             )  Time:  10:30 a.m.
19                                           )  Dept:   Four
                                             )  Honorable Peter W. Bowie
20                                           )
                                             )
21                                           )
                                             )
22  _____ )

23

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    North Plaza, LLC (the "Debtor"), the Debtor / Debtor In Possession in the above-entitled

2    Chapter 11 bankruptcy case, respectfully submits this reply to the opposition filed by James Bree

3    ("Bree") with respect to the Debtor's Notice of Amended Motion and Amended Motion For Order

4    (1) Approving Settlements With Secured Creditors, and (2) Authorizing Payment of Secured Claims

5    (the "Amended Motion").[1]

6    Initially, it should be noted that Bree incorrectly asserts (Opposition at p. 2) that the

7    Amended Motion does not include the claims of the Suprunuks and Douglas / CFFAI.  As made

8    clear in the Amended Motion (at pp. 1, 3, 4), the settlements with the Suprunuks and Douglas /

9    CFFAI remain pending, subject to any amendments that might be offered,[2] and those settlements

10   will be determined pursuant to one or more evidentiary hearings yet to be scheduled.

11   Bree continues his now-familiar tactic of attempting to inject numerous issues into this

12   contested matter that have nothing to do with whether Claim Nos. 14 and 16 should be settled and

13   paid.  Bree tosses around alleged, unsupported facts as if they were inherently relevant to some issue

14   before the Court, when in fact, they are not.  Bree also makes numerous incorrect and misleading

15   statements that need to be corrected.  In addition to the matters addressed in the Debtor's pleadings

16   filed in connection with the Original Motion, the Debtor believes the Court should be made aware

17   of the following:

18   ●    Bree suggests (Opposition at p. 2) that the Debtor is trying to side-step the Court's

19   Order of November 10, 2005 by "repackaging" Claim Nos. 14 and 16.  The Debtor is doing nothing

20   of the sort.  The Debtor agrees that although some economic terms of the proposed settlements of

21   Claim Nos. 14 and 16 have changed, the changes do not affect any of the issues relating to Claim

22   Nos. 14 and 16 that the Court identified in its November 10, 2005 Order as requiring resolution

23   / / /

24   / / /

25

26   [1] Unless otherwise defined, capitalized terms herein have the meanings ascribed to them in

27   the Amended Motion.

28   [2] The Debtor presently anticipates some changes to the proposed Douglas / CFFAI
settlement; however, those changes have not been determined or negotiated.

1   pursuant to an evidentiary hearing.[3]  For that reason, the Debtor rejects Bree's efforts–which his

2   counsel raised in open court on January 19, 2006–further to delay resolution of this bankruptcy case

3   by suggesting that the Debtor is starting anew with the Amended Motion.  No new issues are raised

4   by the Amended Motion with respect to Claim Nos. 14 and 16, and in light of the Court's

5   November 10, 2005 Order with respect to the Original Motion, an evidentiary hearing to resolve the

6   Amended Motion should be scheduled as soon as possible so that the anticipated requests by

7   Dynamic and Sabella for additional interest and attorneys' fees will be minimized.

8   ● Bree continues (Opposition at pp. 3-4) his efforts to complicate this contested matter

9   by arguing that because Mr. Johnson has interests in other entities that borrowed money from

10  Dynamic and Sabella, the details of those relationships and those loans must be fully explored, and

11  the proposed settlements should not be approved.  Bree has never offered a shred of evidence to

12  span the logical crevasse between his premise and his conclusion.  And this is true despite the

13  following facts: (1) this bankruptcy case has been pending for almost two years; (2) Bree's former

14  counsel and the Debtor's counsel worked together and obtained from Dynamic and Sabella

15  extensive informal discovery during late 2004 and early 2005; (3) Bree conducted formal discovery

16  in connection with the Debtor's Motion For Order Allowing and Authorizing Immediate Payment of

17  a Portion of Dynamic Finance's Secured Claim filed March 25, 2005 (the "Paydown Motion")

18  [Docket No. 249], in connection with which Bree raised many of the same issues he is raising now;

19  (4) the Original Motion has been pending since August 24, 2005; and (5) the Court made clear in its

20  November 10, 2005 Order, and again at the December 19, 2005 status conference (at which time the

21  Court directed Bree to proceed immediately with any discovery he desired to conduct), that this

22  contested matter would proceed to evidentiary hearing (whereupon Bree propounded no discovery

23  until January 10, 2006).  Bree has demonstrated that his counsel, like most lawyers, can think up

24  innuendos and "issues" to raise; but what Bree has not demonstrated is that he has or will present a

25  / / /

26

27

28       [3] Dynamic's Claim No. 15 has been eliminated from the proposed settlements, which means
         that any issues pertaining to that claim (such as marshaling) no longer are relevant to this contested
         matter and the Debtor does not intend to address them at the evidentiary hearing.

1   shred of evidence suggesting that the Debtor does not owe money to Dynamic and Sabella pursuant

2   to their Claim Nos. 14 and 16.

3       ●   Bree asserts (Opposition at p. 4) that Dynamic is entitled to exercise managerial

4   rights over the Debtor pursuant to a certain pledge agreement between Shining City, Inc. and

5   Dynamic.  Regardless of what rights Dynamic might have, those rights have not been exercised

6   (understandably, Dynamic would not desire to manage a debtor in bankruptcy, especially given that

7   the Debtor expects to distribute no residual interest to any of its members.)

8       ●   Bree argues (Opposition at pp. 4-5) that the Debtor has no incentive to scrutinize

9   Claim Nos. 14 and 16 because the Debtor is not expected to have a residual interest in the estate.

10  Bree ignores the fact, mentioned above, that Debtor's counsel and Bree's former counsel together

11  submitted to counsel for Dynamic and Sabella numerous informal requests for documents and

12  information, all of which were responded to promptly and satisfactorily.  Debtor's counsel evaluated

13  the claims and requested even more information, which was supplied.  The analysis of the claims

14  has been shared with the Court and creditors in the Debtor's briefs and related pleadings, and that

15  analysis can be tested at the evidentiary hearing through cross-examination of witnesses regarding

16  the supporting documents and information.  Thus, Bree will have yet another opportunity to

17  demonstrate what, if anything, he thinks has been overlooked in the analysis, and he will no longer

18  be able to rely solely on suggestions of supposed conflicts and of imagined effects of unrelated

19  transactions among non-Debtor persons and entities.

20      ●   Bree forgets that many supposed "issues" his counsel raised privately with Debtor's

21  counsel turned out to be wild goose chases.  For example, Bree's counsel represented to Debtor's

22  counsel, in connection with the Debtor's Paydown Motion, that the Debtor's former construction

23  manager, Csaba Ko, would testify that only a small fraction of the advances under the loan that is

24  the subject of Claim No. 16 actually was used to improve the Debtor's property.  The Debtor and

25  other parties in interest cooperated with Bree's counsel to arrange for an expedited deposition of Mr.

26  Ko by Bree's counsel on April 6, 2005.  Nothing came of Mr. Ko's testimony.  In addition, Bree's

27  counsel suggested to Debtor's counsel that Dynamic's loan accounting was fraudulent and that an

28  examination of all cancelled disbursement checks would reveal such fraud.  Dynamic's counsel

1    supplied copies of the canceled checks, fronts and backs.  Debtor's counsel (and presumably Bree's

2    counsel) reviewed all of the canceled checks and found no material discrepancies or fraud.  As a

3    further example, Bree's counsel repeatedly has asserted (and continues to assert in the Opposition at

4    p. 6) that there were serious irregularities in the execution of the original Dynamic loan documents.

5    After investigating, Debtor's counsel disagreed for the reasons discussed in the Debtor's pleadings,

6    which, among other things, point out that a later series of amendments / extensions to the loan

7    documents reaffirm the original obligation such that if there once was some irregularity, it was cured

8    by the later series of unchallenged loan documents.[4]  In short, Debtor's counsel has spent tens of

9    thousands of dollars of time investigating Claim Nos. 14 and 16, often in response to meritless

10   concerns raised by Bree, and has presented the analysis to the Court and creditors for review and

11   comment.  The Debtor welcomes the opportunity to resolve any lingering questions that the Court

12   may have.

13        •    Bree argues (Opposition at p. 4) that other, non-Debtor entities soon will sell real

14   property for more than $100 million.  This issue is not relevant to whether the Debtor must pay

15   Claim Nos. 14 and 16.

16        •    Bree argues (Opposition at p. 5) that in connection with some other loan to a non-

17   Debtor entity, Mr. Lei was alleged to have been an employee of Dynamic.  This issue is not relevant

18   to whether the Debtor must pay Claim Nos. 14 and 16.  In any event, extensive documentation has

19   been submitted demonstrating Mr. Lie's role in connection with the loan that is the subject of Claim

20   No. 16, and Mr. Lei otherwise will explain in person, at the evidentiary hearing, his role in

21   connection with that loan.

22        •    Bree argues (Opposition at pp. 5-6) that some of the proceeds of the loan that is the

23   subject of Claim No. 16 went to pay obligations owed by entities other than the Debtor.  This issue,

24   while relevant to the issue of whether the Debtor is entitled to recover such payments from the

25   entities for whose benefit those payments were made (a matter that the Debtor is pursuing), is not

26

27   _____

28        [4] Also, Bree never has explained to Debtor's counsel his theory regarding how some alleged
     irregularity in the initial Dynamic loan documents would excuse repayment of the loan in light of
     Dynamic having accounted for all disbursements made under the loan.

1    relevant to the issues of whether the Debtor must pay Claim Nos. 14 and 16 and whether the

2    Debtor's proposed settlements of those claims are within the universe of reasonable alternatives.

3        •    Bree alleges (Opposition at pp. 7, 8-9) that in another Riverside action, Mr. Johnson

4    denies that Mr. Chambers (the original owner of the note that is the subject of Claim No. 14) is

5    owed anything on account of the note that is the subject of Claim No. 14.  Bree thus alleges that

6    Chambers is suing someone (e.g., Mr. Johnson) for the very same obligation that the Debtor is

7    proposing to pay to Sabella.  However, upon review of Mr. Chambers' complaint in that other

8    Riverside action, a copy of which complaint is attached hereto as Exhibit 1, it is obvious that Mr.

9    Chambers is not suing on the January 28, 1998 note that is the subject of Claim No. 14; instead, he

10   is suing on three other notes executed by non-Debtor Shining City, Inc. and dated March 4, 1999.

11   Once again, Bree has his "facts" all wrong, and once again, the Debtor has been forced to incur

12   attorneys' fees and costs addressing a non-issue.

13       •    Bree argues (Opposition at p. 7) that the Debtor received no money in connection

14   with issuance of the January 28, 1998 note that is the subject of Claim No. 14.  Bree is mistaken

15   again; nevertheless, if Sabella is a holder in due course, which she appears to be, the parties need

16   not expend time or money addressing the issue.  The holder in due course issue will be determined

17   at the evidentiary hearing.

18       •    Bree argues (Opposition at pp. 7-8) that Sabella cannot be a holder in due course

19   because she took an assignment of the January 28, 1998 note underlying Claim No. 14 some three

20   years after it was overdue.   Bree for some reason ignores that Sabella first took a collateral interest

21   in the January 28, 1998 note in May and June of 1999 before the June 12, 1999 due date of the note.

22   See the Declaration of Angela Sabella dated August 24, 2005 ("Sabella Declaration") [Docket No.

23   312], ¶¶ 29-32.  If Bree's position had any merit, he would not need to attempt to distort the record,

24   and instead he simply would let the record and the documents speak for themselves.

25       •    Bree still asserts (Opposition at p. 9) arguments relating to Dynamic's Claim No. 15,

26   but the Debtor is not presently proposing to settle Claim No. 15.

27       •    Bree continues to assert (Opposition at p. 10) that Dynamic and Sabella "funded" the

28   Debtor's bankruptcy, thereby raising the specter of some wrongdoing or improper influence of the

1   Debtor or its counsel. In fact, Dynamic / Sabella provided $6,000 of the original, modest $24,000

2   retainer to Debtor's counsel. See the Memorandum of Points and Authorities In Support of Debtor's

3   Motion For Order Authorizing It to Employ Nugent & Newnham, APC As General Bankruptcy

4   Counsel filed June 2, 2004 [Docket No. 91], at p. 3 (Frederick Phillips collected and paid over the

5   $24,000 retainer).  However, the $6,000 simply was a loan to the Debtor, not a gift or bribe to the

6   Debtor or its counsel, and the $6,000 is included in Dynamic's loan accounting. See the Sabella

7   Declaration, Ex. 6 (entry for Check No. 2536 dated 3/26/04); see also Exhibit 2 attached hereto

8   (copy of Dynamic's Check No. 2536, which Bree's counsel has).

9      ●   Finally, all of Bree's allegations and tactics should be viewed in context:  (1) Bree

10  obtained his deed of trust in the Debtor's property pursuant to an avoidable, fraudulent transfer; (2)

11  Bree has no secured claim because there is insufficient collateral to secure any claim he might have

12  arising out of his deed of trust; (3) Bree has no unsecured claim arising from his deed of trust

13  because he has no recourse against the Debtor; and (4) all of Bree's other claims against the Debtor

14  are invalid and are not obligations of the Debtor. See the Complaint filed in Adversary Proceeding

15  No. 04-90525 and the Debtor's Objections to Bree's Claims [Docket Nos. 364-369].

16  <center>**CONCLUSION**</center>

17     The Debtor finds many of Bree's allegations puzzling not only because they are based on

18  untrue, distorted, or unsupported facts, but also because the allegations are presented without any

19  explanation of the alleged relevance to the issues identified in the Court's November 10, 2005

20  Order.  The Debtor urges the Court to set an evidentiary hearing in this matter for the earliest

21  possible time so that any open issues can be resolved.

22

23  Dated: January 26, 2006        NUGENT, WEINMAN, ABBENE,
                     ALCOCK & WOLFE, APC

24

25

26           By:    _K. Todd Curry_
                   K. Todd Curry

27                 Attorneys for Debtor / Debtor In Possession
                   North Plaza, LLC

28

# EXHIBIT "1"

982.1(20)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|

HARRY J. HISTEN
LAW OFFICES OF HARRY J. HISTEN
4361 Latham Street, Suite 250
Riverside, CA 92501-1767
FAX: (909) 682-0480
TELEPHONE NO: (909) 682-4121    FAX NO. *(Optional):* (909) 682-0480
E-MAIL ADDRESS *(Optional):* hhisten@harryhisten.com
ATTORNEY FOR *(Name):* ROBERT R. CHAMBERS, Trustee

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main St.
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92591
BRANCH NAME:

PLAINTIFF: ROBERT R. CHAMBERS, TRUSTEE OF THE CHAMBERS FAMILY TRUST dated March 3, 1993
DEFENDANT: WILLIAM P. JOHNSON AND SHINING CITY, INC., et al.

[X] DOES 1 TO 99

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 10 2003

## CONTRACT

[X] COMPLAINT    [ ] AMENDED COMPLAINT *(Number):*

[ ] CROSS-COMPLAINT  [ ] AMENDED CROSS-COMPLAINT *(Number):*

Jurisdiction *(check all that apply):*

[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER:
RIC 391469

1. PLAINTIFF* *(names):* ROBERT R. CHAMBERS, TRUSTEE OF THE CHAMBERS FAMILY TRUST dated March 3, 1993

alleges causes of action against DEFENDANT* *(names):* WILLIAM P. JOHNSON and SHINING CITY, INC.,

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. a. Each plaintiff named above is a competent adult
   [X] except plaintiff *(name):* ROBERT R. CHAMBERS

      [ ] a corporation qualified to do business in California
      [ ] an unincorporated entity *(describe):*
      [X] other *(specify):* a trustee of a revokable trust

   b. [ ] Plaintiff *(name):*
      [ ] has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

      [ ] has complied with all licensing requirements as a licensed *(specify):*

   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 3c.

4. a. Each defendant named above is a natural person
   [X] except defendant *(name):* SHINING CITY, INC.    [ ] except defendant *(name):*

      [X] a business organization, form unknown    [ ] a business organization, form unknown
      [ ] a corporation                            [ ] a corporation
      [ ] an unincorporated entity *(describe):*   [ ] an unincorporated entity *(describe):*

      [ ] a public entity *(describe):*            [ ] a public entity *(describe):*

      [ ] other *(specify):*                       [ ] other *(specify):*

Page 1 of 2

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
982.1(20) [Rev. July 1, 2002]

**COMPLAINT—Contract**

Legal
Solutions
Plus

Code of Civ. Proc., § 425.12

| SHORT TITLE: CHAMBERS v. JOHNSON, et al. | CASE NUMBER: |
|---|---|

## COMPLAINT—Contract

4. *(Continued)*
   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Complaint—Attachment 4c.
   d. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names)*:

5. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ plaintiff has complied with applicable claims statutes, or
   b. ☐ plaintiff is excused from complying because *(specify)*:

6. ☐ This action is subject to    ☐ Civil Code section 1812.10    ☐ Civil Code section 2984.4.

7. This court is the proper court because
   a. ☒ a defendant entered into the contract here.
   b. ☒ a defendant lived here when the contract was entered into.
   c. ☒ a defendant lives here now.
   d. ☐ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify)*:

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   ☒ Breach of Contract                  ☒ Common Counts
   ☐ Other *(specify)*:

9. ☐ Other:

10. **PLAINTIFF PRAYS** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☒ damages of: $ 995,000
    b. ☒ interest on the damages
       (1) ☐ according to proof
       (2) ☒ at the rate of    13    percent per year from *(date)*: March 4, 1999
    c. ☒ attorney fees
       (1) ☐ of: $
       (2) ☒ according to proof.
    d. ☒ other *(specify)*:
       Plaintiff submits 13% interest lawful pursuant to *Finance Code* §22502. Plaintiff will remit if the court finds said section is not applicable.

11. ☐ The following paragraphs of this pleading are alleged on information and belief *(specify paragraph numbers)*:

Date: April 3 , 2003

HARRY J. HISTEN
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification)*

COMPLAINT—Contract

Page 2 of 2

982.1(20) [Rev. July 1, 2002]

| SHORT TITLE: CHAMBERS v. JOHNSON, et al. | CASE NUMBER: |
|---|---|

FIRST _____   **CAUSE OF ACTION - Breach of Contract**          Page 3 _____
(number)

ATTACHMENT TO  [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name)*:  ROBERT R. CHAMBERS, TRUSTEE OF THE CHAMBERS FAMILY TRUST dated March 3, 1993
       alleges that on or about *(date)*:   March 4, 1999
       a [X] written   [ ] oral   [ ] other *(specify)*:
       agreement was made between *(name parties to agreement)*:  WILLIAM P. JOHNSON and SHINING CITY, INC.
       [ ] A copy of the agreement is attached as Exhibit A, **or**
       [X] The essential terms of the agreement [ ] are stated in Attachment BC-1 [X] are as follows *(specify)*:
       A copy of three promissory notes executed contemporaneously on March 4, 1999, are attached hereto and incorporated by reference.  Plaintiff alleges that the interest rate of 13% is lawful pursuant to *Finance Code* §22502.  However, if said interest is found to be luxurious, plaintiff hereby permits all interest in excess of the statutory maximum.

BC-2.  On or about *(dates)*:  March 5, 2000
       defendant breached the agreement by  [ ] the acts specified in Attachment BC-2   [X] the following acts *(specify)*:  Failing to pay monies owed due and payable on March 4, 2000.

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
       [ ] as stated in Attachment BC-4   [X] as follows *(specify)*:   Unpaid principal in the sum of $995,000 plus interest at the rate of 13% from March 4, 1999, until the date of judgment herein.

BC-5.  [X] Plaintiff is entitled to attorney fees by an agreement or a statute
       [ ] of $
       [X] according to proof.

BC-6.  [ ] Other:

**CAUSE OF ACTION - Breach of Contract**

Legal
Solutions Plus

CCP 425.12

| SHORT TITLE:  CHAMBERS v. JOHNSON, et al. | CASE NUMBER: |
|---|---|

___SECOND_____      **CAUSE OF ACTION - Common Counts**      Page 4_____
   (number)

ATTACHMENT TO   [X] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*:  ROBERT R. CHAMBERS, TRUSTEE OF THE CHAMBERS FAMILY TRUST
     dated March 3, 1993
     alleges that defendant *(name)*:  WILLIAM P. JOHNSON and SHINING CITY, INC.

     became indebted to   [X] plaintiff   [ ] other *(name)*:

     a. [ ] within the last four years
          (1) [ ] on an open book account for money due.
          (2) [ ] because an account was stated in writing by and between plaintiff and defendant in which it
              was agreed that defendant was indebted to plaintiff.

     b. [X] within the last   [ ] two years   [X] four years
          (1) [ ] for money had and received by defendant for the use and benefit of plaintiff.
          (2) [ ] for work, labor, services and materials rendered at the special instance and request of defendant
              and for which defendant promises to pay plaintiff
                  [ ] the sum of $
                  [ ] the reasonable value.
          (3) [ ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
              promises to pay plaintiff
                  [ ] the sum of $
                  [ ] the reasonable value
          (4) [X] for money lent by plaintiff to defendant at defendant's request.
          (5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
              request.
          (6) [ ] other *(specify)*:

CC-2. $ 995,000              , which is the reasonable value, is due and unpaid despite plaintiff's demand,
     plus prejudgment interest   [ ] according to proof   [X] at the rate of 13_____ percent per year
     from *(date)*:  March 4, 1999

CC-3. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
            [ ] of $
            [X] according to proof.

CC-4. [ ] Other:

           **CAUSE OF ACTION - Common Counts**         Legal Solutions Plus      CCP 425.12

## DECLARATION OF ROBERT R. CHAMBERS IN SUPPORT OF APPLICATION FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT

I, ROBERT R. CHAMBERS, declare:

I am the Trustee of the Chambers Family Trust dated March 3, 1993, plaintiff herein. I make this declaration of my personal knowledge, and if called as a witness I could and would testify competently to the facts contained herein.

On March 4, 1999, I made a loan in the sum of $995,000.00 cash to William P. Johnson and Shining City, Inc. Said loan was evidenced by three separate promissory notes of equal date in the sums of $300,000.00, $310,000.00 and $385,000.00, respectively. All three notes were executed by William P. Johnson on behalf of Shining City, Inc., and by William P. Johnson, individually.

I have had made no other commercial loans in the 12-month period surrounding March 4, 1999. I, therefore, believe that under *Financial Code* §22502, this loan is exempt from California's usery law. If, however, the court determines that *Financial Code* §22502 is not applicable, I hereby remit any interest in excess of statutory maximums.

No sums have been paid on the loan, although I have made repeated demands to William P. Johnson for payment of same.

Although the notes recite security in different portions of Mr. Johnson's interests (which at one time totaled 55 percent) of North Plaza, LLC, no security instrument was prepared, nor was the security perfected. Furthermore, it is my belief that Mr. Johnson has conveyed some or all of his interest in North Plaza, LLC to James and Doreen Bree. Therefore, I am advised that although the notes recite some security, no security interest exists or has been perfected.

///

///

-1-

Declaration of Robert R. Chambers

1      I, therefore, request that the court issue a right to attach order and order for

2   writ of attachment in the sum of $2,028,302.00, or such other sum as the court

3   deems just and proper.

4      I DECLARE under penalty of perjury the foregoing is true and correct.

5   EXECUTED this ____4TH____ day of April, 2003, at Studio City, California.

6

7                                                           _____

8                               ROBERT R. CHAMBERS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROMISSORY NOTE

$ 300,000.00 * _____  March 4 _____, 19 99

On or before March 4, 2000 _____

and for value received, _____ the undersigned _____ promise to pay

to Robert R. Chambers, Trustee of the Chambers Family Trust dated 3-3-92 ____ or order

at 11439 Laurelcrest Drive, Studio City, CA 91604-3872 _____

the sum of Three hundred thousand and no/100———————————————————————— Dollars *

with interest from NO INTEREST March 4, 1999 until paid, at the rate of 13 Thirteen (13) ____ ℗ ℮

per cent, per annum, payable NA

Should interest not be so paid, it shall thereafter bear like interest as the principal, but such unpaid interest so compounded shall not exceed an amount equal to simple interest on the unpaid principal at the maximum rate permitted by law. Should default be made in the payment of any installment of interest when due, the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Should suit be commenced or an attorney employed to enforce the payment of this note, I agree to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit. Principal and interest payable in lawful money of the United States.
THIS NOTE IS SECURED BY A 12% INTERST HELD BY SHINING CITY, INC. IN THE NORTH PLAZA LLC
PURSUANT TO SEPARATE AGREEMENT BETWEEN THE WITHIN PARTIES

SHINING CITY, INC.,
a Wyoming Corporation
By:

*amount to be adjusted based on income tax accounting for Bear Creek Villas and represents beneficiaries share of profits in Bear Creek Villas.

Form No. 2042 (Rev. 9/64)

# PROMISSORY NOTE

March 4 _____ 19 __99__

$ __310,000.00__

On or before March 4, 2000

and for value received, _____ the undersigned _____ promise to pay

to __Robert R. Chambers, Trustee of the Chambers Family Trust dated 3-3-94__ or order

at __11439 Laurelcrest Drive, Studio City, CA  91604-3872__

the sum of __Three hundred ten thousand and no/100————————————————— Dollars

with interest from _____ __March 4, 1999__ _____ until paid, at the rate of __thirteen (13)__

per cent, per annum, payable __at maturity__

Should interest not be so paid, it shall thereafter bear like interest as the principal, but such unpaid interest so compounded shall not exceed an amount equal to simple interest on the unpaid principal at the maximum rate permitted by law. Should default be made in the payment of any installment of interest when due, the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Should suit be commenced or an attorney employed to enforce the payment of this note, I agree to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit. Principal and interest payable in lawful money of the United States.
THIS NOTE IS SECURED BY A 13% INTEREST HELD BY SHINING CITY, INC. IN THE NORTH PLAZA LLC
PURSUANT TO SEPARATE AGREEMENT BETWEEN THE WITHIN PARTIES

Shining, City, Inc.,
a Wyoming corporation

By: _____

Form No. 2042 (Rev. 9/64)

# PROMISSORY NOTE

_____ March 4 _____ 19__99__

$ __385,000.00__

On or before March 4, 2000 _____ promise to pay

and for value received, _____ the undersigned

to __Robert R. Chambers, Trustee of the Chambers Family Trust dated 3-3-92__ or order

at __11439 Laurelcrest Drive, Studio City, CA  91604-3872__

the sum of __Three hundred eighty five thousand and no/100—————————————————————————————————————— Dollars

with interest from __March 4, 1999__ _____until paid, at the rate of __thirteen (13)__

per cent, per annum, payable __at maturity__ .

   Should interest not be so paid, it shall thereafter bear like interest as the principal, but such unpaid interest so com-
pounded shall not exceed an amount equal to simple interest on the unpaid principal at the maximum rate permitted by
law. Should default be made in the payment of any installment of interest when due, the whole sum of principal and interest
shall become immediately due and payable at the option of the holder of this note. Should suit be commenced or an attorney
employed to enforce the payment of this note, I agree to pay such additional sum as the court may adjudge reasonable
as attorney's fees in said suit. Principal and interest payable in lawful money of the United States.

THIS NOTE IS SECURED BY A 16% INTEREST HELD BY SHINING CITY, INC. IN THE NORTH PLAZA LLC
PURSUANT TO SEPARATE AGREEMENT BETWEEN THE WITHIN PARTIES.

Shining City, Inc.,
a Wyoming corporation
By: _____
_____
William P. Johnson

IN;

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF RIVERSIDE
4050 Main Street - 2nd Floor
Riverside, CA  92501

## NOTICE OF TRIAL DEPARTMENT ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

CHAMBERS VS JOHNSON            CASE NO. RIC391469

The above entitled case is ASSIGNED to the HONORABLE COMMISSIONER JOAN F. ETTINGER in Department 10 for ALL PURPOSES.

The Case Management Conference described in Rules of Court 212 is scheduled for 10/23/03 at  8:30 am/pm in Department 10.

The plaintiff/cross-complainant shall serve a copy of the Notice of Trial Department Assignment and Case Management Conference on all defendants/cross-defendants named or added to the complaint and file proof of service thereof.

Any challenge pursuant to Section 170.6 of the Civil Code of Procedure shall be made within twenty (20) days (15 days pursuant to 68616(I) GC plus 5 days pursuant to 1013(a) CCP) from the date of this notice of assignment, or if the party has not yet appeared, then within fifteen (15) days after the party's first appearance.

If this case has been assigned to a Judge Pro Tempore, whose appointment as Commissioner is in accordance with Article Six, Section Twenty-two of the Constitution of this State and who has been appointed as a Temporary Judge pursuant to an order of the Court under the authority of Article Six, Section Twenty-one of the Constitution and Section 259 of the Civil Code of Procedure; within ten (10) days of the date of this notice, the parties MUST file a Notice of Non-Stipulation if they do not stipulate to the hearing of pre-trial, trial and all subsequent post-trial law and motion matters before the Commissioner.

Failure to file such notice within (10) days shall be deemed acceptance of the assignment.

DATE OF NOTICE:  04/10/03

### CLERK'S CERTIFICATE

I, Clerk of the above entitled Court, do hereby certify that on this date, I provided the plaintiff(s) or plaintiffs' attorney of record with a copy of the foregoing NOTICE.

CLERK OF THE COURT

Date:  04/10/03                by: _____

# EXHIBIT "2"

**DYNAMIC FINANCE CORP.**
626-280-2825
853 E. VALLEY BLVD., STE. 200
SAN GABRIEL, CA  91776

2532

16-395/1222

DATE    March 23, 2004

PAY TO THE
ORDER OF      ***** Law Offices of The Edward G.Scholss Law Corporation *****        $   5,146.95

------Five Thousand  One Hundred Forty Six and 95/100 -----------    DOLLARS

**CATHAY BANK**
Member of FDIC
855 EAST VALLEY BOULEVARD
SAN GABRIEL, CALIFORNIA 91776
1-800-922-8489

⑆002532⑆ ⑈122203950⑇ 07 033 338⑆    ⑈0000514695⑆

---

**DYNAMIC FINANCE CORP.**
626-280-2825
853 E. VALLEY BLVD., STE. 200
SAN GABRIEL, CA  91776

2536

16-395/1222

DATE    3/26/04

PAY TO THE
ORDER OF      ***** Frederick C. Philips Attorney at Law, Trust Account *****        $   6,000.00

------Six Thousand  and no/100 -----------    DOLLARS

**CATHAY BANK**
Member of FDIC
855 EAST VALLEY BOULEVARD
SAN GABRIEL, CALIFORNIA 91776
1-800-922-8489

DFC#103 North Plaza, LLC

4563.1 Trust

⑆002536⑆ ⑈122203950⑇ 07 033 338⑆    ⑈0000600000⑆

